IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | 1:98cr149(1) |
| ANTHONY CARMOUCHE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

In 1999, the defendant was convicted of distributing a controlled substance and sentenced to 170 months imprisonment. The defendant subsequently filed a motion for relief from judgment based on a clerical mistake (doc. no. 122), as well as a supplemental motion for relief from judgment (doc. no. 124). Pursuant to Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

The Motions for Relief from Judgment

The defendant does not contest the sentence imposed by the court. Instead, the defendant complains about two statements contained in his judgment. Page 7 of the judgment contains the following sentence: "He is being held responsible for LSD he distributed to a CI for a two-year period, the LSD he distributed

to a CI on October 7, 1998; and the methamphetamine he pled guilty to in Abilene." The defendant asserts this sentence should be deleted from the judgment because the court stated during the sentencing hearing that "I am not going to count the part that additionally he's responsible for fifty-five hundred units of LSD distributed to the CI from October '96 until October of '98. I'm not going to count that."

The defendant's contention on this point is without merit. The transcript reflects that while the defendant was not held responsible for all of the LSD identified in the pre-sentence report, he was held responsible for some of the LSD. As the sentence to which the defendant objects does not state a particular amount of LSD, it cannot be concluded that the sentence fails to accurately reflect the court's statements during the sentencing hearing. Accordingly, there was no clerical error with respect to this sentence.

With respect to the defendant's second point, page 8 of the judgment contains the following sentences: "The Court sustained objection no. 6 of the defendant making the base offense level 30. With the two points added for specific offense characteristics, the total offense level becomes 32." The defendant states that as the court stated it was not increasing

his base level by two points for possessing a firearm, the judgment should state that the additional two points was assessed based on his role in the offense, rather than for a specific offense characteristic.  For the same reason, the defendant objects to the following sentence on page 7 of the judgment: "One of the most disturbing aspects of the defendant's involvement in the instant offense is that he possessed a firearm during the negotiation for sale of LSD on 8 October 8, 1998."

    The pre-sentence report recommended that the defendant's offense level be increased by two points based on the specific offense characteristic of his possessing a dangerous weapon in connection with the offense.  At sentencing, the court clearly stated that while the defendant's offense level was being increased by two points based on his role in the offense, the defendant's objection to a two point increase based on his possessing a weapon was being sustained.  As a result, to the extent the judgment reflects the defendant's offense level was increased based on a specific offense characteristic, the judgment does not reflect the court's statements during the sentencing hearing and should be corrected.  However, the sentence described on page 7 of the judgment is located in the portion of the judgment where the court explains why the

particular sentence within the guideline range was selected. While the court may have been unwilling to increase the defendant's offense level based upon the a firearm being possessed in connection with the offense, the court may have considered the presence of the firearm during a portion of the offense in determining what sentence should be imposed within the guideline range. As a result, it is not clear that the inclusion of the sentence on page seven was the result of a clerical error.[1]

## Recommendation

The defendant's motion and supplemental motion should be granted to the extent that the second sentence on page 8 of the judgment should be amended to read, "With two points added for the defendant's role in the offense, the total offense level becomes 32." The motion and the supplemental motion should be denied in all other respects.

---

[1] The defendant also asks that a sentence be added on page 8 of the judgment to reflect that the court sustained his objections to paragraphs 19 and 20 of the pre-sentence report regarding 5500 units of LSD. However, it does not appear necessary to have the judgment reflect all rulings the court made regarding objections to the pre-sentence report. The sentencing transcript clearly reflects that the objections regarding paragraphs 19 and 20 were sustained.

<u>Objections</u>

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED** this   30   day of    September   , 2008.

/s/ Earl S. Hines
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE