# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| VS | § | 1:98cr149(1) |
| ANTHONY CARMOUCHE | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The defendant, Anthony Carmouche, has filed a motion for relief from clerical mistake (doc. no. 122), as well as a supplemental motion for relief from judgment (doc. no. 124). The court referred these motion to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The defendant seeks relief in two ways. First, he asks that a sentence contained on page 7 of his judgment concerning the amount of LSD he was held responsible for be deleted. Second, he asks that two sentences contained on page 8 of his judgment concerning his offense level be amended, and that a sentence on page 7 of his judgment concerning possession of a firearm be deleted.

The magistrate judge has submitted a Report and Recommendation recommending that the defendant's motions be granted to the extent that the second sentence on page 8 of the judgment should be amended to read: "With two points added for the defendant's role in the offense, the total offense level becomes 32." The magistrate judge recommends the motions be denied in all other respects.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. The defendant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Page 7 of the judgment contains the following sentence: "He is being held responsible for LSD he distributed to a CI for a two-year period, the LSD he distributed to a CI on October 7,

1998, and the methamphetamine he pled guilty to in Abilene." The defendant asserts this sentence should be deleted because the court made the following statement during the sentencing hearing: "I am not going to count the part that additionally he's responsible for fifty-five hundred units of LSD distributed to the CI from October '96 until October of '98. I'm not going to count that." The magistrate judge stated that as the sentencing transcript reflected that while the defendant was not held responsible for all of the LSD identified in the pre-sentence report, he was held responsible for some of the LSD. As a result, it could not be concluded the judgment failed to accurately reflect the court's statements during the sentencing hearing. This conclusion is correct. As the judgment does not state a specific amount of LSD, and as the court clearly stated the defendant was being held responsible for at least some LSD, the judgment accurately reflects the court's statements during the sentencing hearing.

Page 7 of the judgment also contains the following sentence: "One of the most disturbing aspects of the defendant's involvement in the instant offense is that he possessed a firearm during the negotiation for sale of LSD on October 8, 1998." The defendant asserts this sentence should be deleted because the court refused to increase his offense level by two points based upon his possessing a firearm in connection with his offense. The magistrate judge stated that as this sentence is contained in the portion of the judgment where the court explained why the particular sentence within the guideline range was imposed, the statement did not constitute a clerical error because while the court may have been unwilling to increase the defendant's offense level based upon possession of a firearm, the court may have considered the presence of a firearm in determining what sentence should be imposed within the guideline range. This conclusion is correct. The court may have considered the presence of the firearm when deciding where within the guidelines range to sentence the defendant even if it was unwilling to increase the defendant's offense level.

## ORDER

Accordingly, the defendant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**. The defendant's motions are **GRANTED** to the extent that the paragraph contained on page 8 of the defendant's judgment is deemed amended to read as follows: "The court sustained objection no. 6 of the defendant making the base offense level 30. With two points added for the defendant's role in the offense, the total offense level becomes 32. Based on a total offense level of 32 and a criminal history category of III, the guideline range for imprisonment is 151 to 188 months, pursuant to U.S.S.G. Section 5G1.1(c)(1)." The motions are **DENIED** in all other respects.

So **ORDERED** and **SIGNED** this **20** day of **December, 2008.**

_____
Ron Clark, United States District Judge